# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL HOWARD TILLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-355-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Paul Howard Tilley requests judicial review of a grant of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He argues on appeal that his supplemental security income benefits were reduced in error. For the reasons set forth below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Procedural History**

On December 19, 2002, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ James D. Jordan conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 19, 2004. The Appeals Council denied review, but this Court reversed on appeal in Case No. CIV-05-243-RAW-SPS and remanded the case for further proceedings. On remand, ALJ Gene M. Kelly determined in a September 2007 written opinion that the claimant had been under a disability since June 1, 2001. (Tr. 20-27).

In February 2008, the claimant received a Notice of Planned Action from the Social Security Administration, informing him that his SSI award of $637 per month would be reduced to $37.60 per month, based on his income from the award of disability insurance benefits. (Tr. 68-72). The claimant timely appealed, and ALJ Jeffrey Wolfe held an administrative hearing then affirmed the offset in benefits in a written decision dated October 17, 2008. (Tr. 12-14). The ALJ's October 27, 2008 written opinion

represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Review

Because the claimant is proceeding pro se, the Court construes his filings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), *citing Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Claimant argues on appeal, *inter alia*, that his SSI benefits should not have been reduced. SSI benefits are reduced, or offset, if the claimant receives other income. 20 C.F.R. § 416.413 ("The benefit under this part for a qualified individual is payable at the rate for an eligible individual . . . reduced by the amount of countable income of the eligible individual . . . The total benefit rate, including the increment, is reduced by the amount of the individual's or couple's income that is not excluded pursuant to subpart K of this part."). Subpart K lists different types of unearned income not counted in the calculation of SSI benefits, but that list does not include disability insurance benefits. *See* 20 C.F.R. §416.1124. *See also Kimmes v. Harris*, 647 F.2d 1028, 1030 n. 3 (10th Cir. 1981) ("One factor taken into consideration in computing the level of SSI benefits is other benefits payments, such as Mrs. Kimmes' disability insurance benefits received under the Social Security Act."). Consequently, the Social Security Administration acted appropriately by including the claimant's disability insurance benefits as part of his income, and properly reduced his SSI benefits as a result.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is

therefore legally correct.  The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma